```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK FIORE,                      :
                                  :
     Plaintiff,                   :
                                  :
V.                                :   CASE NO. 3:06-CV-285 (RNC)
                                  :
UNITED REFRIGERATION, INC.,       :
                                  :
     Defendant.                   :
```

RULING AND ORDER

In this diversity action, plaintiff alleges that he was wrongfully discharged because he informed the police that one of his employer's clients had assaulted him.  Defendant has moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff has not alleged the public policy on which his action is based and the policies disclosed by plaintiff in response to the motion cannot support a wrongful discharge claim.  For the reasons that follow, the motion to dismiss is denied.

I.   Facts

The complaint alleges the following facts.  Plaintiff was employed by defendant as a branch driver and warehouseman from March 2002 to January 2005.  (Compl. ¶¶ 2, 5.)  He frequently made deliveries to Berkshire Refrigeration ("Berkshire") in Danbury, Connecticut.  (Compl. ¶¶ 6-7.)  Berkshire was one of defendant's best customers.  (Compl. ¶ 7.)

1

On or about August 4, 2004, plaintiff made a delivery to Berkshire.  (Compl. ¶ 9.)  The owner of Berkshire, Bob Willis, took offense at one of plaintiff's jokes and pointed a handgun at him, threatening to shoot him if he did not leave.  (Compl. ¶ 9.) During a delivery the following day, Willis threatened to shoot plaintiff if he said anything.  (Compl. ¶ 11.)  The next day, Willis assaulted plaintiff, causing his arm to be cut by racks on his truck.  (Compl. ¶ 13.)  Plaintiff reported each of these incidents to his supervisors.  (Compl. ¶¶ 10, 12, 14.)  On or about August 9, plaintiff went to Berkshire to make another delivery, assuming that his supervisors had spoken to Willis. . (Compl. ¶¶ 15-16.)  After he completed the delivery, he found Willis driving his truck erratically.  (Compl. ¶ 17.)

Immediately following this incident, plaintiff called his supervisor and told him he was going to report Willis's behavior to the police because he did not feel safe making deliveries to Berkshire.  (Compl. ¶ 18.)  The supervisor told plaintiff not to go to the police, but plaintiff reported the matter to the police nonetheless.  (Compl. ¶¶ 19-20.)  After this incident, his supervisors began to scold and discipline him unjustifiably. (Compl. ¶ 23.)  They also refused to accommodate his asthma, which they had previously accommodated appropriately.  (Compl. ¶¶ 26-27.)  On January 5, 2005, defendant discharged plaintiff "in gross violation of public policy, as embodied in the Connecticut

common law of wrongful discharge and the Penal Code." (Compl. ¶ 28.)

II.  Discussion

As a general rule, employers may terminate at-will employees for any reason at any time.  Somers v. Cooley Chevrolet Co., 146 Conn. 627, 629 (1959).  However, the Connecticut Supreme Court has recognized a cause of action for employees alleging "a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy."  Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980).  A wrongful discharge claim is available to an employee who is "otherwise without remedy" when "permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated."  Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985) (quoting Wehr v. Burroughs Corp., 438 F. Supp. 1052, 1054 (E.D. Pa. 1977)).  Because it is inherently difficult to identify "public policy," a plaintiff must prove that his termination "violated [an] explicit statutory or constitutional provision" or "contravened [a] judicially conceived notion of public policy."  Faulkner, 240 Conn. at 581 (quoting Antinerella v. Rioux, 229 Conn. 479, 492 (1994), overruled on other grounds by Miller v. Egan, 265 Conn. 301, 325 (2003)).

Defendant contends that plaintiff's wrongful discharge claim

3

should be dismissed because the complaint fails to specify any public policy.  Under the liberal notice pleading standard that applies in this court, it is far from clear that plaintiff is obliged to plead his claim with such particularity.  In response to the motion to dismiss, moreover, plaintiff has made it clear that his claim is based on the public policies embodied in Conn. Gen. Stat. §§ 53a-165, 53a-167,[1] and 31-49,[2] and Article One, Section 8(b) of the Connecticut Constitution.  This is sufficient to address defendant's concern that it lacks notice of the public policy at issue.

Turning to defendant's argument that plaintiff has no viable claim, plaintiff's reliance on Article One, Section 8(b) of the Connecticut Constitution, which protects victims' rights relating to criminal prosecutions, does seem dubious because he does not allege that Willis was arrested or prosecuted.  However, the statutes he invokes provide support for his claim, even assuming this constitutional provision does not.

---

[1] Conn. Gen. Stat. §§ 53a-165 and 53a-167 make it a crime to render criminal assistance, which is defined as "when, with intent to prevent, hinder or delay . . . the lodging of a criminal charge against, another person whom such person knows or believes has committed a felony . . . , such person: . . . (4) prevents or obstructs, by means of force, intimidation or deception, any person from performing an act which might aid in the discovery or apprehension of such other person or in the lodging of a criminal charge against such other person."

[2] Conn. Gen. Stat. § 31-49 requires employers to provide their employees with "a reasonably safe place in which to work."

4

In <u>Parsons v. United Techs. Corp.</u>, 243 Conn. 66 (1997), the Connecticut Supreme Court held that a plaintiff can base a wrongful discharge claim on the public policy embodied in § 31-49.  <u>See id.</u> at 79-80.  The Court stated:

> [T]he mandate of public policy that these statutes [Conn. Gen. Stat. §§ 31-49 and 31-370] embody gives a Connecticut employee a cause of action for wrongful discharge against an employer transacting business in Connecticut if the employee is discharged for refusing to work under conditions that pose a substantial risk of death, disease or serious physical harm and that are not contemplated within the scope of the employee's duties.

<u>Id.</u> at 80.  Plaintiff has alleged that he was terminated because he refused to tolerate conditions, such as being threatened with a gun, that posed a risk of serious physical harm.  Accordingly, § 31-49 provides an adequate predicate for his wrongful discharge claim.

Conn. Gen. Stat. §§ 53a-165 and 53a-167 embody a public policy of encouraging the reporting of crime and punishing those who intimidate others from lodging criminal charges.  Plaintiff has alleged that his supervisor tried to dissuade him from reporting Willis's criminal conduct.  Plaintiff may be able to prove that his employer intimidated him in an attempt to prevent him from bringing his complaint to the police.  Any such intimidation, and the subsequent termination of plaintiff's employment, might well have violated the public policy of encouraging the reporting of crime, as embodied in these

statutes.

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss [Doc. #8] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 25th day of August 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge